IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PAUL CRISWELL**                                                              **PLAINTIFF**
**#255807**

V.                  NO. 4:22-cv-00895-JM-ERE

**HIGGINS,** *et al.*                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**      **Discussion:**

     **A.**      **Background**

Paul Criswell, an inmate at the Pulaski County Detention Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983 on behalf of himself and 45 other inmates. *Doc. 1*. Pursuant to Court policy, the Court opened 46 different lawsuits, including this one for Mr. Criswell. Because Mr. Criswell's original

complaint was flawed, on October 21, 2022, the Court gave Mr. Criswell thirty days to file an amended complaint. *Doc. 4*. In its October 21 Order, the Court specifically cautioned Mr. Criswell that, in his amended complaint, he should: (1) include only those constitutional claims arising from the same transaction or occurrence; (2) identify and name as Defendants those individuals who *personally* violated his constitutional rights; and (3) explain the injury he suffered as a result of each Defendant's unconstitutional conduct.

The Court later provided Mr. Criswell multiple extensions of time to file his amended complaint. *Docs. 9, 11, 13*.

On February 24, 203, Mr. Criswell has now filed his amended complaint. *Doc. 14*. Mr. Criswell's amended complaint asserts many of the same claims raised in his original complaint.[1] In addition, five of the thirteen pages of his amended complaint are exact duplicates of pages contained in his original complaint.

For the reasons explained below, it is recommended that Mr. Criswell's amended complaint be dismissed for failure to state a plausible constitutional claim

---

[1] Mr. Criswell's original complaint alleges that: (1) the conditions of his confinement are unconstitutional; (2) Detention Center staff have interfered with the inmates' right to practice their religion; (3) Detention Center staff have denied inmates showers, outdoor recreation, access to mail, and access to the law library; and (4) Detention Center staff have failed to provide inmates medical care and medication.

for relief.[2]

B. **Screening**

To survive screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under this standard, a complaint must do more than "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citation omitted). Instead, the facts alleged must be "enough to raise a right to relief beyond a speculative level" and "nudge[] [the] claims across the line from conceivable to plausible." *Id*. at 555 (first quotation), 570 (second quotation).

C. **Analysis**

Similar to his original complaint, Mr. Criswell's amended pleading is difficult to decipher. He generally alleges that Defendants violated his constitutional rights by: (1) failing to provide him medical care; (2) denying him access to the law library; (3) failing to provide him meals to accommodate his special diet; (4) failing to

---

[2] It is unlikely that giving Mr. Criswell another opportunity to clarify his claims and correct his pleading errors would be helpful. Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend it pleading only "once" as a matter of course before service.

provide him dental care; (5) denying him outdoor recreation and exercise; (6) denying his ability to shower; and (7) denying him access to the news. He provides few facts or dates. Although he identifies twenty-six individuals as Defendants, he fails to specifically explain how each Defendant violated his constitutional rights. Rather, he vaguely states that he has "spoken" with each of the officers listed in his amended complaint regarding these conditions. *Doc. 14 at 5*.

The Court has reviewed Mr. Criswell's pleading in search of a plausible claim that could proceed without the problem of misjoinder[3] but finds none. Although a *pro se* complaint must be liberally construed, Mr. Criswell must still allege facts sufficient to support a reasonable inference that a named Defendant personally violated his constitutional rights. See *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2020) (a complaint "must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.").

Because Mr. Criswell has failed to allege facts stating a plausible constitutional claim for relief, his amended complaint should be dismissed, without prejudice.

---

[3] Contrary to procedural rules governing joinder of claims and the Court's specific instructions, Mr. Criswell attempts to join multiple defendants in a single lawsuit, without asserting at least one claim involving each Defendant that arises out of the same transaction or occurrence and presents question of law or fact common to all. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants").

**III.	Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.	Mr. Criswell's amended complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.	In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in *forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

4.	The Clerk of the Court be directed to close this case.

Dated this 28th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] See *Gonzalez v. United States*, 23 F.4th 788, 789-91 (8th Cir. 2022) (holding that the number of strikes a prisoner has accrued for purposes of 28 U.S.C. § 1915(g) must be assessed by a later tribunal, looking backwards and independently assessing the effect of past dismissals).